**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CARLTON VAN SCOTT,           No. CIV S-08-1020-MCE-CMK-P

    Petitioner,

  vs.                       <u>FINDINGS AND RECOMMENDATIONS</u>

SISTO,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 14). Petitioner filed an opposition to the motion (Doc. 18), and respondent filed a reply (Doc. 19).

        I.      BACKGROUND

        This case proceeds on petitioner's original petition filed April 28, 2008.[1] In his petition, petitioner is challenging his 1987 conviction as well as the California Board of Parole

---

[1] Petitioner filed his original petition in the United States District Court for the Central District of California. The Central District transferred the petition to this court on May 9, 2008, based on petitioner's place of confinement, California State Prison - Solano.

1

Hearings' April 11, 2006, decision denying him parole. Petitioner appealed his conviction, which was denied in April 1989. He then filed a petition for writ of habeas corpus in the Los Angeles Superior Court on September 14, 2006, which was denied on October 1, 2007. He also filed a petition in the California Supreme Court on September 27, 2007, which was denied on March 19, 2008.

## II. MOTION TO DISMISS

Respondent moves this court to dismiss petitioner's claims challenging his conviction[2] as untimely, filed after the expiration of the one-year statute of limitations. Petitioner claims the challenge to his conviction is not barred by the statute of limitations.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statue of limitations on habeas corpus petitions filed by state prisoners in federal court. See 28 U.S.C. § 2244(d)(1). "State prisoners . . . whose convictions became final prior to

---

[2] Respondent is apparently not challenging petitioner's claims with respect to his parole denial. This motion is limited to petitioner's claims challenging his conviction.

2

AEDPA's enactment, had a one-year grace period in which to file their petitions." Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). This grace period expired on April 24, 1997. See id. at 1247.

Petitioner's conviction was final on June 10, 1989. As this was prior to the enactment of AEDPA, petitioner is entitled to the additional grace period discussed above. His petition challenging his conviction was therefore required to be filed on April 24, 1997. His current petition was not filed until April 7, 2008. Absent any statutory tolling, petitioner's current challenge to his conviction will be barred by the statute of limitations.

The statute of limitations period is tolled for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S. Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). In addition, where the petitioner unreasonably delays between state court applications, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner's conviction was final in 1989. Respondent claims the only post-conviction petitions for relief that petitioner filed began in 2006. Petitioner does not challenge this assertion. It appears that petitioner did not file any timely post-conviction challenges to his conviction. A review of the decisions from the state court denials of petitioner's petitions for writ of habeas corpus only addressed petitioner's denial of parole claims.

Therefore, the undersigned finds that petitioner is not entitled to any statutory tolling of the statue of limitations. Petitioner had until April 24, 1997, in which to file a timely challenge to his convictions, which he failed to do. Petitioner's claims in his current petition challenging his 1987 conviction are untimely, and thus barred by the statute of limitations.

III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 14) be granted;

2. Petitioner's claims in his petition challenging his 1987 conviction be dismissed, and this action proceed on his claims challenging his 2006 parole denial only; and

3. Respondent be ordered to respond to petitioner's surviving claims within 30 days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2009

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE